1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOHN MONTALVO, | Case No. 1:16-cv-0606-BAM |
| Plaintiff, | ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Phillip Montalvo ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff's sole argument is that the Administrative Law Judge ("ALJ") improperly discounted his credibility. (Doc. 23 at 3-12). For the reasons outlined below, the Court disagrees.

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided several valid reasons for finding Plaintiff's testimony "not credible." AR 21.

First, the ALJ found that ample evidence demonstrated Plaintiff's impairments were well maintained on medication. AR 21. The ALJ was entitled to reject Plaintiff's credibility based on his successful response to medication. *See Gerard v. Astrue*, 406 Fed. Appx. 229, 232 (9th Cir. 2010) (unpublished) (ALJ properly discounted claimant's asserted severity of his anxiety and depression, observing in part that claimant "was responding to psychotherapy and medication"); *Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ properly discredited the claimant's subjective complaints by citing physician's report that mental symptoms improved with medication).

As the ALJ noted, Plaintiff received various forms of treatment, and the record revealed that treatment had been relatively effective in controlling Plaintiff's symptoms. Plaintiff received one injection for his left shoulder which appeared to resolve his shoulder pain. AR 739. He also reported on several occasions, and at the hearing, that his mental health symptoms had significantly improved with treatment with his therapy dog and taking his prescribed medications. AR 21, 41-42, 847, 855, 952, 1010, 1212, 1393. Successful treatment was a valid consideration.

Second, the ALJ found that Plaintiff's extensive daily activities—including tending to all of his own personal needs, cooking, cleaning, doing dishes, driving, shopping for groceries, running errands, caring for his pet and the pets of his friends, exercising daily, taking his dog for walks, using the computer daily, taking public transportation, engaging in community volunteer work and frequently travelling domestically and internationally to destinations including Las Vegas, Ireland, Palm Springs, Denver, and taking a cruise to Mexico—were inconsistent with Plaintiff's allegations of complete disability. AR 21; *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (in discounting claimant credibility, ALJ may properly rely on daily activities inconsistent with claim of disability, including claimant's ability to care for personal needs, drive, shop, and perform routine household chores).

Third, the ALJ concluded that Plaintiff's termination for embezzlement shortly before his period of disability undermined allegations that he was unable to work solely because of medical conditions. AR 21. A Plaintiff's reason for leaving employment is a valid consideration in weighing credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). An ALJ may discredit a claimant's testimony by citing a claimant's nondisability reasons for leaving employment immediately preceding the alleged onset date of disability. *See Page v. Colvin*, 620 Fed.Appx. 605, 605 (9th Cir.

2015). Here, the ALJ stated that because there was no evidence of a significant deterioration in Plaintiff's medical condition since he was fired, it was reasonable to conclude that Plaintiff's impairments would not prevent the performance of his former job, since it was being performed adequately at the time of termination despite similar medical conditions. AR 21. This was a clear and convincing reason to reject Plaintiff's symptom testimony.

Fourth, the ALJ observed that, despite Plaintiff's allegations of an inability to concentrate, remember remote details, or behave appropriately in a public setting, he could process questions without difficulty, respond without delay, and pay attention throughout the hearing. AR 21; *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ's "observations of a claimant's functioning" at the hearing are permissible as part of the overall credibility assessment but "may not form the sole basis for discrediting a person's testimony").

Finally, Plaintiff's allegations of severe physical and mental symptoms contradicted the objective medical evidence. AR 15. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ noted that Plaintiff's subjective statements were in conflict with the weight of the medical evidence including the opinions by Plaintiff's physicians, psychologists, and the licensed clinical social worker ("LCSW"). AR 20. For example, Dr. Dinwoodie opined that Plaintiff had a left wrist injury, but Plaintiff gave poor effort during attempts to test his grip strength. AR 19. While Dr. Dinwoodie opined Plaintiff was precluded from heavy or forceful gripping, Plaintiff did not have any whole person impairment. AR 20, 551. Reviewing physicians Dr. Surrosco and Dr. Bugg both opined that Plaintiff could perform a range of light work. AR 73-74, 94-95. Additionally mental health reviewing physicians Drs. Jennings and Gregg opined that Plaintiff was capable of performing simple, unskilled work. AR 20-21; 74-75, 95-96. LCSW, Delia Gonzales, noted a normal mental status examination and she encouraged Plaintiff to find a job and exercise more. AR 17.

It was proper for the ALJ to consider the inconsistency between Plaintiff's subjective symptom testimony and the objective medical evidence. *See* 20 C.F.R. §§ 404.1529 (c)(1) & 2 and 416.929(c)(1) & (2) (2013) (requiring consideration of medical history, medical signs and laboratory

findings, and objective medical evidence in evaluating the extent and impact of alleged pain); *Batson v. Comm'r of the Social Security Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (holding ALJ properly relied on objective medical evidence and medical opinions in determining credibility); *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir. 1986) (discussing language of Act requiring consideration of medical evidence in assessing subjective complaints).

Accordingly, the ALJ gave several clear and convincing reasons for finding that Plaintiff was not credible.

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Phillip John Montalvo.

IT IS SO ORDERED.

Dated: **September 27, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE